IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALVIN EILAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-1272 |
| | § | |
| WESTLAKE SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Alvin Eiland ("Plaintiff") filed this action against Westlake Services, LLC ("Westlake") and Experian Information Systems, Inc. ("Experian").[1] Plaintiff alleges that Westlake failed to reasonably conduct an investigation and act on it after he disputed information that Westlake submitted to credit reporting agencies. Pending before the court is Defendant Westlake Services, LLC dba Westlake Financial Services' Motion to Dismiss Amended Complaint ("Westlake's MTD") (Docket Entry No. 12), which argues that Plaintiff's claims are time-barred. For reasons stated below, Westlake's MTD will be denied.

---

[1] Plaintiff's Original Petition ("Complaint"), Composite Exhibit A to Notice to Defendant Westlake Services, LLC's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-2, p. 3. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

I. **Background**

Plaintiff's Original Petition was filed on February 23, 2023, in the Justice Court of the Third Precinct in and for Fort Bend County Texas (Civil Division), naming Westlake and Experian as defendants and alleging violations of the Fair Credit Reporting Act.[2] On April 20, 2023, Plaintiff agreed to the voluntary dismissal of Experian, which the court granted.[3] On April 28, 2023, Plaintiff filed an Amended Complaint, re-alleging FCRA violations by Westlake.[4] Plaintiff alleges that "[t]his matter arises from a Westlake auto loan account ('Account') belonging to the Plaintiff."[5] Westlake reported to credit reporting agencies that Plaintiff's vehicle had been repossessed.[6] But after Plaintiff disputed this information and Westlake investigated, Westlake sent a letter to Plaintiff acknowledging that it was "not reporting your account accurately to the three credit reporting agencies, [and] modifications were made to remove the repossession

---

[2]Id.; Notice of Removal, Docket Entry No. 1, p. 1.

[3]Notice of Voluntary Dismissal with Prejudice as to Defendant Experian Information Solutions, Inc., Docket Entry No. 7, p. 1; Order, Docket Entry No. 8.

[4]Complaint ("Amended Complaint"), Docket Entry No. 11, p. 1 ¶ 1.

[5]Id. at 2 ¶ 11.

[6]August 27, 2021, Correspondence, Composite Exhibit A to Complaint (and cited by the Amended Complaint), Docket Entry 1-2, p. 17.

from your credit history."[7] Plaintiff alleges that he "then noticed that Westlake was still incorrectly reporting the Account as a repossession for the month of August of 2019."[8] Plaintiff alleges that he again disputed the information with Experian and Westlake, and that Westlake is still reporting the repossession as accurate.[9] Plaintiff alleges that Westlake failed to comply with 15 U.S.C. § 1681s-2(b), which requires investigation of credit information disputed by a consumer.[10] Plaintiff alleges that he is entitled to damages, costs, and attorney's fees for this violation under 15 U.S.C. §§ 1681o and 1681n.[11] Westlake's MTD was filed on May 12, 2023, Plaintiff responded, and Westlake replied.[12]

## II.  Legal Standard

### A.  Rule 12(b)(6)

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the

---

[7] Id.

[8] Id. ¶ 13.

[9] Id. ¶¶ 14-15.

[10] Id. at 4 ¶¶ 30.

[11] Id. at 5 ¶¶ 33-34; 6 ¶¶ 44-45.

[12] Westlake's MTD, Docket Entry No. 12; Plaintiff's Response in Opposition to Defendant Westlake Services, LLC's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Plaintiff's Response"), Docket Entry No. 14; Defendant Westlake Services, LLC dba Westlake Financial Services' Reply in Support of Motion to Dismiss Amended Complaint ("Westlake's Reply"), Docket Entry No. 15.

complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999).

**B.   FCRA Investigation Requirement**

After receiving notice "of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall-- (A) conduct an investigation with respect to the disputed information; . . . (C) report the results of the investigation to the consumer reporting agency; . . . and (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete . . . for purposes of reporting to a consumer reporting agency only . . . promptly-- (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1). Section 1681o states that a consumer may recover damages, costs, and attorney's fees for "negligen[ce] in failing to comply with any

requirement imposed under this subchapter with respect to any consumer." Section 1681n states that a court may also allow punitive damages for willful violations. Section 1681p states that an "action to enforce any liability created under this subchapter may be brought . . . not later than the earlier of-- (1) 2 years after the date of discovery by the plaintiff <u>of the violation that is the basis for such liability;</u> or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p (emphasis added).

### III. <u>Analysis</u>

Westlake argues that Plaintiff's claims are barred by the two-year statute of limitations because Plaintiff discovered the incorrect information in 2019, substantially more than 2 years before he filed this lawsuit.[13] Under Plaintiff's reading, the date that he first discovered the inaccuracy is not relevant to § 1681s-2(b) because a consumer's dispute "creates[s] new duties on Defendants to investigate, and each failure by Defendant to do so creates its own limitations period."[14]

In support of its motion, Defendant cites the Fifth Circuit's decision in <u>Mack v. Equable Ascent Financial,</u> L.L.C., 748 F.3d 663

---

[13]Westlake's MTD, Docket Entry No.12, p. 3.

[14]Memorandum of Law in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Exhibit A to Plaintiff's Response, Docket Entry No. 14-1, p. 5 (quoting <u>Ardoin v. Citibank N. A.,</u> Civil Action No. 20-1088, 2020 WL 5997267, at *4 (W.D. La. Oct. 8, 2020)).

(5th Cir. 2014) (per curiam).[15]  In Mack, the plaintiff filed a FCRA action alleging that the defendant had "obtained [his] consumer credit report without a permissible purpose or [his] consent, in violation of 15 U.S.C. § 1681b."  Id. at 664.  The plaintiff learned in May of 2009 that the defendant had obtained his credit report, but he did not file suit until December of 2011.  Id.  The Fifth Circuit upheld the district court's grant of summary judgment on the grounds that the plaintiff filed his lawsuit more than two years after he had notice of the defendant obtaining his credit report.  Id. at 664, 666.  Mack stands for the proposition that the two-year FCRA limitations period begins when the consumer receives notice of facts that establish a FCRA violation.

But Plaintiff alleges that Westlake is still, after its August 27, 2021, letter, reporting incorrect information and failing to adequately investigate.[16]  Plaintiff's alleges that Westlake is therefore violating § 1681s-2(b), which requires Westlake to investigate information disputed by the consumer and, if the investigation shows the information to be wrong, to modify or remove it.[17]  Plaintiff could not have discovered the alleged inadequacy of Westlake's § 1681s-2(b) response until the initial investigation was complete.  The weight of authority supports this

---

[15] Westlake's Reply, Docket Entry No. 15, p. 2.

[16] Amended Complaint, at 2 ¶ 13.

[17] Id. at 4 ¶¶ 30-31.

approach. See Broccuto v. Experian Information Solutions, Inc., Civil Action No. 07-782, 2008 WL 1969222, at *4 (E.D. Va. May 6, 2008) ("The statute's construction creates a violation every time a consumer submits a dispute to a credit reporting agency and that agency or the relevant lender does not respond to the complaint as directed by the statute.").[18] Westlake communicated the results of its investigation and promised the removal of the information in a letter dated August 27, 2021. For purposes of a Rule 12(b)(6) motion, the court accepts as true Plaintiff's allegation that Westlake did not act on the investigation as required by § 1681s-2(b)(1)(E). Even if Plaintiff discovered that same day that Westlake had failed act on the letter, the limitations period would not expire until August 27, 2023. Moreover, Plaintiff alleges that he has again disputed the information in 2022, and that Westlake nevertheless continues to report the inaccurate repossession.[19] Westlake's MTD will therefore be denied.

---

[18]See also Maiteki v. Marten Transportation Ltd., 4 F.Supp.3d 1249, 1254 (D. Colo. 2013) (the limitations period for a § 1681s-2(b) claim starts "based on the failure to conduct a reasonable investigation"); Larson v. Ford Credit, Civil Action No. 06-1811, 2007 WL 1875989, at *4 (D. Minn. June 28, 2007)("failure to conduct a reasonable investigation in response to a dispute[] is a separate FCRA violation subject to its own statute of limitations.").

[19]Amended Complaint, Docket Entry No. 11, p. 2 ¶¶ 14-15; 4 ¶¶ 30-31.

## IV. **Conclusion and Order**

Plaintiff's claims for negligent and willful failure to comply with 15 U.S.C. § 1681s-2(b) are not barred by the statute of limitations. Defendant Westlake Services, LLC dba Westlake Financial Services' Motion to Dismiss Amended Complaint (Docket Entry No. 10) is therefore **DENIED**.

**SIGNED** at Houston, Texas, on this 22nd day of June, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE