United States District Court
Southern District of Texas
**ENTERED**
September 03, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALVIN EILAND, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-23-1272 |
| § | |
| WESTLAKE FINANCIAL SERVICES § | |
| and EXPERIAN INFORMATION § | |
| SOLUTIONS, INC., § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER

Alvin Eiland ("Plaintiff") alleges that Westlake Services, LLC dba Westlake Financial Services ("Westlake") violated his Fair Credit Reporting Act ("FCRA") rights and seeks damages.[1] Pending before the court is Defendant Westlake Services, LLC dba Westlake Financial Services' Motion for Summary Judgment ("Westlake's Damages MSJ") (Docket Entry No. 47). Plaintiff's claim fails because he does not cite or attach any evidence of damages. Westlake's Damages MSJ will therefore be granted, and this action will be dismissed with prejudice.

### I. Background

Plaintiff alleged two claims against Westlake for violating 15 U.S.C. § 1681s-2(b), which governs investigation and reporting

---

[1]Amended Complaint, Docket Entry No. 11, p. 1 ¶ 1. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

duties of persons who provide credit information to consumer reporting agencies ("CRAs").[2] In particular, Plaintiff alleged that "Westlake violated [§ 1681s-2(b)] by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff'[s] dispute reported by Experian . . . by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies."[3] The court previously granted summary judgment against Plaintiff's claim for willful violation of § 1681s-2(b).[4]

Westlake filed its Damages MSJ on July 29, 2024, Plaintiff responded, and Westlake replied.[5] Westlake argues that Plaintiff lacks any evidence of actual damages and, in the alternative, that a plaintiff's testimony alone cannot establish mental anguish damages.[6]

---

[2]Id. at 4-6.  Plaintiff's first claim alleges a willful violation of Westlake's investigation and reporting duties, and his second claim alleges a negligent violation.  Id. at 4 ¶ 26, p. 5 ¶ 36.

[3]Id. at 4 ¶ 30.

[4]Memorandum Opinion and Order, Docket Entry No. 28, p. 20.

[5]Westlake's Damages MSJ, Docket Entry No. 47; Plaintiff's Response in Opposition to Defendant Westlake Services, LLC's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 50; Defendant Westlake Services, LLC dba Westlake Financial Services' Reply in Support of Motion for Summary Judgment [DE 47], Docket Entry No. 25.

[6]Westlake's Damages MSJ, Docket Entry No. 47, pp. 6, 8.

## II. The Fair Credit Reporting Act

Congress passed the FCRA to require consumer reporting agencies to adopt procedures for use of consumer credit information "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information[.]" See 15 U.S.C. § 1681(b).

When a consumer disputes "the completeness or accuracy of any item of information contained in [the] consumer's file[,]" the CRA must, in addition to conducting its own investigation, notify the provider of the disputed information and send it all information relevant to the dispute. 15 U.S.C. §§ 1681i(a)(1)(A), 1681i(a)(2)(A).

In the event of a consumer's dispute, the statute places obligations on the provider of the disputed information to the CRA. See 15 U.S.C. § 1681s-2 ("Responsibilities of furnishers of information to consumer reporting agencies"). The FCRA authorizes consumers to seek damages for willful or negligent violations of those obligations. 15 U.S.C. §§ 1681n(a), 1681o(a). For negligent violations, a consumer may recover actual damages and, "in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees[.]" 15 U.S.C. § 1681o(a).

## III. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party asserting that a fact is or is not genuinely disputed must support the assertion by [] citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

"[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 2554.  If the movant does so, "the burden shifts to the nonmovant to show that a summary judgment should not be granted." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).  "'[T]he burden on the nonmoving party is not a heavy one; the nonmoving party simply is required to show specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'"  Swope v. Columbian Chemicals Co., 281 F.3d 185, 197

(5th Cir. 2002) (quoting 10A Wright, Miller & Kane, Federal Practice and Procedure § 2727, at 490 (3d ed. 1998)).[7]

## IV. Analysis

According to Plaintiff's initial disclosures, Plaintiff seeks actual damages for mental anguish, statutory damages, costs, and attorney's fees.[8] FCRA only authorizes statutory damages for willful violations. See 15 U.S.C. §§ 1681n(a), 1681o(a). As to damages for mental anguish, Plaintiff's Response states that "Plaintiff would testify in this case, and has testified in deposition" and that "Plaintiff will delineate how the damages occurred, how they affected him, and what specific ways in which he was harmed by Westlake's negligence."[9] But to survive Westlake's properly made summary judgment motion, Plaintiff must "cit[e] to particular parts of materials in the record[.]" Fed. R. Civ. P. 56(c)(1). It is not enough to state that Plaintiff testified to mental anguish damages in his deposition; Plaintiff must attach and cite to particular deposition statements. Because Plaintiff has failed do so, Defendant's Damages MSJ will be granted as to actual damages.

---

[7]See also 10A Wright, Miller & Kane, Federal Practice & Procedure § 2727.2, at 501 (4th ed. 2016) (same).

[8]Plaintiff Alvin Eiland's Initial Disclosures, Exhibit 1 to Westlake's Damages MSJ, Docket Entry No. 47, p. 14 ¶ 3.

[9]Plaintiff's Response, Docket Entry No. 50, p. 5.

-5-

Based on the parties' briefing, the court is skeptical that Fifth Circuit precedent would allow Plaintiff to establish mental anguish damages based only on his own testimony, but the court need not resolve this legal issue in light of Plaintiff's failure to cite or attach any evidence.

Section 1681o(a) awards costs and attorney's fees "in the case of any successful action to enforce any liability under this section[.]"  15 U.S.C. § 168o(a).  Because Plaintiff's claim for damages under § 1681o fails, the statute does not authorize an award of costs and attorney's fees.  Westlake's Damages MSJ will therefore be granted as to costs and attorney's fees.

## V.  Conclusion and Order

Plaintiff has failed to cite or attach any evidence that Westlake's alleged FCRA violations caused him actual damages. Defendant Westlake Services, LLC dba Westlake Financial Services' Motion for Summary Judgment (Docket Entry No. 47) is therefore **GRANTED**, and this action will be dismissed with prejudice.

The court will not consider a Rule 59 motion that relies on evidence or arguments that could have been cited in Plaintiff's Response.

**SIGNED** at Houston, Texas, on this 3rd day of September, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE